RECEIVED
IN LAKE CHARLES, LA
JUL - 7 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SENTRY INSURANCE | : | DOCKET NO. 06-570 |
| VS. | : | JUDGE TRIMBLE |
| SOUTHWESTERN LOUISIANA HOSPITAL ASSOCIATION D/B/A LAKE CHARLES MEMORIAL HOSPITAL AND R. DALE BERNAUER | : | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court is a Motion to Abstain and Dismiss or, in the Alternative, to Abstain and Stay this Case (doc. #18) filed by defendants, Southwestern Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital ("LCMH") and R. Dale Bernauer wherein the movers urge the Court to abstain and dismiss, or stay the instant case due to similar pending state court suits. Sentry Insurance opposes the motion.

## FACTUAL STATEMENT

The following facts are alleged in "Complaint for Declaratory Judgment": LCMH and Dr. Bernauer are health care providers who contractually agreed to render medical services at certain agreed upon discounted rates to insureds or payors who contracted with First Health Group Corp. ("First Health"). The medical services to be provided at the discounted rates include medical services arising from workers' compensation claims. Pursuant to agreement between First Health and Sentry ("PPO Contract"), among others, First Health agreed to make available to Sentry hospitals and medical providers like Dr. Bernauer and LCMH which entered into provider

agreements with First Health for the delivery of medical services at negotiated rates.

Pursuant to these contracts, Dr. Bernauer and LCMH have performed extensive medical services on many injured employees of Sentry's insured-employers. In accordance with the Provider Agreements and its PPO Contract with First Health, Sentry has paid Dr. Bernauer and LCMH the negotiated rates for these services. Defendants, Dr. Bernauer and LCMH contend that they are entitled to additional money for these medical services. They further contend that the Provider Agreements they signed do not govern services provided in connection with workers' compensation claims because the contracts are unenforceable under Louisiana Revised Statute 40:2203.1 and 23:1033, and because the contracts violate a claimant's right to his choice of physician as provided under the Louisiana Worker's Compensation Laws.

Sentry alleges that there exists a controversy between the parties regarding the legality of the Provider Agreements and Defendants, and the PPO contracts signed by Sentry and First Health. Sentry maintains that the Provider Agreements and PPO contracts are valid and enforceable and seeks a judicial declaration of the legality of these contracts under Louisiana law. Sentry also seeks a declaration that LCMH and Dr. Bernauer are not entitled to any amounts in excess of the amounts they agreed to accept under the Provider Agreements, nor do these defendants have any cause of action under any law, statute or regulation against Sentry for any services rendered or discounts taken pursuant to their Provider Agreements with First Health.

## LAW AND ANALYSIS

Defendants assert that this case should be dismissed because "the parties filing actions like this in federal court are trying to avoid any progress in a Louisiana state court proposed plaintiff and defendant class action entitled *Clark A. Gunderson, M.D. (A Medical Corporation), et al v. F.A.*

2

*Richard & Associates, et al*, Docket No. 2004-2417, 14th JDC, Calcasieu Parish, Louisiana." Defendants also assert that "some of the pertinent questions of law are also the subject of an appeal being taken to the Fifth Circuit in the case of *Liberty Mutual Insurance Company v. Gunderson, et al*, Civil Action No. 04-CV-2405." There is also another suit concerning the same issues currently pending on this Court's docket entitled, *Dr. Fayez Shamieh v. American Interstate Insurance Company*.[1]

The Fifth Circuit defines parallel actions as those involving the same parties and the same issues.[2] As a general rule, federal district courts may not consider the merits of a declaratory judgment action when (1) a declaratory defendant has previously filed a cause of action against the declaratory plaintiff; (2) the state court cases involves the same issues as those involved in the federal case; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction act.[3] Sentry is not a party to any of the above mentioned suits, therefore there is no justification for this Court to dismiss this case.

However, currently pending on this Court's docket is *Liberty Mutual Ins. Co. v. Gunderson, et al*, Civil Action No. 04-CV-2405. In *Liberty Mutual*, we held that there were no prohibitions in

---

[1] Although originally filed as a claim for damages by Dr. Shamieh against only American Interstate Insurance Company, the Petition was amended to add 21 additional plaintiffs (including all named defendants herein) and 124 additional defendants (including Sentry).

[2] See, e.g., *American Guarantee & Liability Ins. Co. v. ANCO Insulations, Inc.*, 408 F.3d 248 (5th Cir. 2005); *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531 (5th Cir. 2002); *Republicbank Dallas National Association v. McIntosh*, 828 F.2d 1120 (5th Cir. 1987); *Hartford Acc. & Indem. v. Costa Lines Cargo Serv.*, 903 F.2d 352 (5th Cir. 1990); *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973); *Doerle's Quarterboats, Inc. v. Been Weeks, Co.*, 1995 WL 747470 (E.D. La.).

[3] *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 (5 th Cir. 1993).

3

Louisiana's Workers Compensation laws that prevented a provider from agreeing to charge and receive discounted rates for the services they provided to occupationally ill or injured workers. The issues this Court decided in *Liberty Mutual* are the same issues in the instant case. *Liberty Mutual* is currently pending on appeal to the Fifth Circuit. For the sake of judicial economy and because the issues are virtually identical, the Court is inclined to stay this case pending the Fifth Circuit's ruling in *Liberty Mutual*.

## **CONCLUSION**

Based on the foregoing, the motion to abstain and dismiss will be denied, and the motion to stay will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 7th day of July, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE