UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SENTRY INSURANCE, A MUTUAL COMPANY * * *          Plaintiff * VERSUS * * SOUTHWEST LOUISIANA HOSPITAL * ASSOCIATION d/b/a LAKE CHARLES * MEMORIAL HOSPITAL AND R. DALE * BERNAUER, M.D. * *          Defendants * | CIVIL ACTION NO. 2:06CV0570 JUDGE TRIMBLE MAGISTRATE METHVIN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

MAY IT PLEASE THE COURT:

      This court should dismiss Plaintiff SENTRY INSURANCE, A MUTUAL COMPANY'S (Hereinafter "Sentry") Claims against Defendants for lack of subject matter jurisdiction because the amount in controversy as to <u>each</u> Defendant does not exceed $75,000 as required by 28 USC 1332. Further, this Court should dismiss SENTRY's claims against both LCMH and DR. BERNAUER because <u>original, exclusive</u> jurisdiction over these claims lies solely within the Louisiana Office of Workers' Compensation and removal of such claims is prohibited by 28 USC 1445 (c)

**SENTRY has failed to meet the jurisdictional amount required by 28 USC 1332 with respect to Defendant LCMH, and therefore, its claims should be dismissed.**

      For the Court to have diversity jurisdiction under 28 USC 1332 in this case, the amount in controversy must exceed $75,000.00 as to <u>each</u> defendant because the Defendants are not jointly liable to Sentry. See *Jewell v. Grain Dealers*, 290 F.2d 11 (5th Cir. 1961); *Aetna Casualty & Surety Co. v. Graves*, 381 F. Supp 1159 (W.D. La. 1974). The "amount in controversy" in

1

Sentry's instant declaratory action is the <u>value of the right to be protected</u>. *St. Paul Reinsurance Co, v. Greenberg*, 134 F.2d 1250 (5th Cir. 1998). Further, <u>jurisdictional facts must be judged at the time the Complaint was filed</u> (April 3, 2006 in this case). *Id.*

As of the date that Sentry's Complaint was filed, the only controversy between SENTRY and the Defendant-Providers at the time SENTRY filed the instant matter involved whether Defendant LCMH was entitled to reimbursement from SENTRY for underpayment and late payment of medical bills rendered to Louisiana Workers' Compensation claimants, as well as penalties and attorneys fees pursuant to Louisiana workers' compensation law. This controversy was initiated by LCMH when it filed claims against SENTRY in Louisiana Workers' Compensation Court (OWC) prior to the instant litigation. These claims involved only <u>9</u> bills. DR. BERNAUER has never filed any claims against Sentry in the Louisiana workers' compensation court, and therefore, no controversy existed whatsoever as to Defendant Bernauer at the time that SENTRY filed the instant action.

Sentry's Complaint focuses on whether it validly applied PPO Discounts to the Defendant-Providers' bills in paying the providers less than the Louisiana Workers' Compensation Fee Schedule. Therefore as to <u>each</u> Defendant, the value of the right to be protected, or the "amount in controversy," <u>the difference between the amount set forth in the fee schedule and the amount paid.</u>

As to Defendant LCMH, the amount in controversy only involves <u>9</u> bills, as evidenced by the relevant Explanations of Review (EOR's) received from Sentry. Sentry's potential liability as to those claims is way less than $75,000.00.

Additionally, only LCMH's bills for services rendered to workers' compensation claimants <u>prior to October 1, 2004</u> can be considered in determining the amount in controversy because <u>LCMH terminated its contract with First Health effective October 1, 2004</u>, and then in

2

December 2004 LCMH negotiated a new contract with First Health <u>eliminating the ability for any entity (employer, insurer, or others) to apply First Health PPO discount to any claims involving workers compensation</u> (See Affidavit of Charles Whitson – Exhibit A; and Contract- Exhibit B). Documentation obtained through the discovery process includes only <u>17</u> Explanations of Review (EOR's) submitted to LCMH by Sentry for bills for services rendered to workers' compensation claimants prior to October 1, 2004. (EOR's attached as Exhibit "C" in globo.) The sum of the difference between the Louisiana Fee Schedule (as indicated on each EOR) and the amount paid for all of those EOR's equals only **$1,470.71**. Additionally, Sentry alleges that each Defendant-provider could be entitled to up to $2,000 per EOR pursuant to La. R.S. 12:1201(F). $2,000 multiplied by the 17 EOR's that apply the PPO discount equals **$34,000**. Therefore, <u>the value of the amount in controversy between LCMH and Sentry is only **$35,470.71**</u>, which is far below the jurisdictional amount requirement.

As to DR. BERNAUER, the amount in controversy with SENTRY as of the date of filing Dr. BERNAUER has never filed any claims in workers' compensation court against SENTRY, and any amount that SENTRY may owe to Dr. BERNAUER is way less than $75,000.00.

Despite Sentry's allegation, the amount of potential statutory damages found in La. R.S. 40:2203 for non-compliance with the Louisiana PPO Act should not be considered as there is no controversy between either of the Defendant-Providers and Sentry as to this issue. As of the filing date of Sentry's Complaint, the Defendant Providers had not sought from Sentry statutory damages provided in the PPO Act. Specifically, Sentry, as an insurer, is expressly excluded from the putative class in *Gunderson v. F.A. Richard & Associates*, a class action involving the applicability of the PPO statutory damages, and to date, neither of the Defendant-Providers have filed any claim against Sentry seeking such damages. Instead, the only assertion that the Defendant-Providers have made is that the providers were not bound by the alternative rates of

payment set forth in their contracts with First Health with respect to Sentry (an entity accessing the provider agreements) pursuant to. La. R.S. 40:2203.1(B), which states

> "A preferred provider organization's alternative rates of payment <u>shall not be enforceable or binding upon any provider</u> unless such organization is clearly identified on the benefit card issued by the group purchaser <u>or other entity accessing</u> a group purchaser's contractual agreement or agreements and presented to the participating provider when medical care is provided. When more than one preferred provider organization is shown on the benefit card of a group purchaser or other entity, the applicable contractual agreement that shall be binding on a provider shall be determined as follows…." (emphasis added)

Because the value of the right to be protected in the instant declaratory action is the difference between the Louisiana Workers' Compensation Fee Schedule and the amount paid by Sentry, and only those EOR's dated prior to October 1, 2004 can be considered, the total amount in controversy does not meet the jurisdictional amount requirement in 28 USC 1332 and therefore, Sentry's Claims against LCMH should be dismissed.

**This Court Lacks Subject Matter Jurisdiction over Sentry's claims against Defendants because the Louisiana OWC has exclusive, original jurisdiction over cases arises under Louisiana workers' compensation laws, and because Sentry is effectively removing the OWC claims in violation of 28 USC 1445(c).**

Prior to the SENTRY's initiation of the instant matter, LCMH brought claims against SENTRY in the Louisiana workers' compensation court (OWC), seeking underpayment and late payment of medical bills rendered to workers' compensation claimants, as well as penalties and attorney's fees provided by La. R.S. 23:1201(F). As an <u>affirmative defense</u> to those claims, SENTRY asserted that it was entitled to access certain alleged PPO provider contracts between Defendants and First Health. The Louisiana 3rd Circuit Court of Appeal, in an *en banc* decision has already held that the OWC has <u>original</u> <u>exclusive</u> jurisdiction in *Beutler-England v. Mermantau Rice Inc*, 2005-942, 931 So.2d 553 (La. App. 3 Cir. 5/31/06).

Because the suits pending in the OWC prior to the instant suit involve SENTRY's affirmative defense that it has raised in those cases, SENTRY's declaratory action effectively is

4

an attempt to remove those issues, and removal of workers' compensation claims is specifically prohibited by 28 USC 1445(c).

This Court should therefore dismiss SENTRY'S claims as to both Defendants for failure to meet the jurisdictional amount required by 28 USC 1332, because the Louisiana Workers' Compensation Court's original, exclusive jurisdiction over issues raised in this case, and because of federal law preventing the removal of workers' compensation cases.

                               Respectfully Submitted:

                               **COX, COX, FILO & CAMEL**

                               By:    s/Thomas A. Filo
                                  THOMAS A. FILO (La. BR #18210)
                                  MICHAEL K. COX (La. BR #22026)
                                  723 Broad Street
                                  Lake Charles, LA  70601
                                  Telephone:  337 436-6611

                               COUNSEL FOR R. DALE BERNAUER, M.D.

                               **STOCKWELL, SIEVERT, VICCELLIO,**
                               **CLEMENTS & SHADDOCK, L.L.P.**

                               By:    s/John S. Bradford
                                  JOHN S. BRADFORD (La. BR #03369)
                                  WILLIAM B. MONK (La. BR #09551)
                                  One Lakeside Plaza, Fourth Floor
                                  Lake Charles, LA 70601
                                  Telephone: 337 436-9491
                                   Fax:  337 493-7210

                               COUNSEL FOR SOUTHWEST LOUISIANA
                               HOSPITAL ASSOCIATION d/b/a LAKE CHARLES
                               MEMORIAL HOSPITAL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum In Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to:

> Terry Christovich Gay
> Kevin Richard Tully

Lake Charles, Louisiana, this 5th day of May, 2008.

                                              s/John S. Bradford
                                        JOHN S. BRADFORD (La. BR #03369)
                                        One Lakeside Plaza, Fourth Floor
                                        Lake Charles, LA 70601
                                        Telephone: 337 436-9491
                                        Fax: 337 493-7210