U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUN 0 4 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SENTRY INSURANCE, A MUTUAL COMPANY | : | DOCKET NO. 06-570 |
| VS. | : | JUDGE TRIMBLE |
| SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION d/b/a LAKE CHARLES MEMORIAL HOSPITAL AND R. DALE BERNAUER, M.D | : | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court is "Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction" (doc. #70) filed by Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital ("LCMH") and R. Dale Bernauer, M.D. ("Dr. Bernauer") wherein the movers seek to dismiss the claims of plaintiff, Sentry Insurance, A Mutual Company ("Sentry") against both LCMH and Dr. Bernauer because of lack of subject matter jurisdiction. Also before the Court is a "Motion to Enter Final Judgment" wherein Sentry moves this Court to enter as final judgment pursuant Federal Rule of Civil Procedure 54(a) the Judgment rendered on September 5, 2007.[1]

## FACTUAL STATEMENT

A recitation of the facts in this matter was stated in this Court's Memorandum Ruling[2] dated July 7, 2006 and will not be restated herein.

---

[1] Doc. #65.

[2] Doc. #25.

## LAW AND ANALYSIS

A motion for lack of subject matter can be raised at any time.[3] Defendants maintain that the claims asserted by Sentry should be dismissed because the amount in controversy as to each defendant does not meet the jurisdictional amount, and/or because the Louisiana Office of Workers' Compensation has original, exclusive jurisdiction over these claims and removal of such claims is prohibited by 28 U.S.C. § 1445(c). Defendants make the following argument: LCMH brought claims against Sentry in the Louisiana Workers Compensation Court ("OWC") seeking under payment and late payment of medical bills rendered to workers' compensation claimants, as well as penalties and attorney's fees provided by La. R.S. 23:1201(F). These claims were filed prior to Sentry's initiation of the instant declaratory action. As an affirmative defense to the claims, Sentry asserted that it was entitled to access certain alleged PPO provider contracts between the providers and First Health. Defendants suggest that if Sentry obtains a favorable ruling in this matter, this Court will be asked to enjoin Defendant's OWC claims. Because Sentry's affirmative defense in the OWC case is the same issue in the instant matter, Sentry's declaratory action is effectively an attempt to remove those issues to Federal Court which is prohibited by 28 U.S.C. § 1445(c).

In opposing the motion to dismiss, Sentry reminds the Court of its ruling in *Liberty Mutual v. Dr. Clark Gunderson and Lake Charles Memorial Hospital*,[4] wherein we held that the Federal Court had jurisdiction over the matter based on diversity of citizenship, citing *Horton v. Liberty Mutual Ins. Co.*[5]

---

[3] Fed. R. Civ. P. 12.

[4] Civ.Action No. 04-2405.

[5] 367 U.S. 348, 350-54 (1961).

and *St. Paul Ins. Co. V. Trejo.*[6] However, in the *Liberty Mutual case,* the plaintiff asserted breach of contract claims and alleged that Louisiana Revised Statute 40:2203.1(B) violated the Contract Clause of the United States Constitution. We expressly recognized the limited jurisdiction of the OWC with regards to these claims and held that we were not divested of jurisdiction based on *Horton, supra* and *Trejo, supra.* We also refused to abstain under the *Younger* doctrine based on that our finding that the OWC was not an adequate forum to hear the claims raised in Liberty Mutual's complaint - specifically, the contractual and constitutional claims.

In the instant matter, there are no claims for breach of contract or constitutional violations. Thus, we must conclude that to allow this Court to rule on the exact same issues currently pending before the OWC between the same parties would indeed be in violation of 28 U.S.C. § 1445(C) and would effectively be the same as allowing Sentry to remove the OWC lawsuit to Federal Court. However, this does not apply to Dr. Bernauer because he had no claims filed in the OWC prior to the instant declaratory action being filed.

Dr. Bernauer maintains that the claims Sentry has asserted against him should be dismissed because they do not meet the requisite $75,000.00 jurisdictional amount. Dr. Bernauer argues that the amount in controversy between Sentry and Dr. Bernauer as of the date of filing is considerably less than $75,000.00 because Dr. Bernauer has never filed any claims in the OWC against Sentry. Sentry maintains that the amounts that it has pled in its Complaint clearly exceeds $75,000.00. The test for jurisdictional amount in a declaratory action is the "total value of the right to be protected or the injury to be prevented."[7] Sentry alleges in its Complaint that from February 2, 2003 through January 11, 2006, Dr.

---

[6] 39 F.3d 585, 588 (5th Cir. 1994).

[7] *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983).

Bernauer submitted approximately 74 bills that were subject to a $6,600.00 discount pursuant to Dr. Bernauer's contract with First Health. Each claim is subject to up to a $2,000.00 penalty plus attorney's fees pursuant to La. R.S. 23:1201(F).[8] Furthermore, Sentry could be subject to penalties of twice the billed charges ($51,022.00) or $50 per day, per claim pursuant to La. R.S. 40:2203.1 *et seq.*, under the Louisiana Any Willing Provider Act.[9] At $50 per day, the amount of penalty pursuant to La.R.S. 40:2203.1 per claim could be $18,250.00 per year.[10] The Court finds that Sentry has sufficiently pled an amount in excess of $75,000.00. The Court further directs entry of a final judgment as to the Judgment rendered on September 5, 2007 to the extent that it pertains to Dr. Bernauer.

## CONCLUSION

Based on the foregoing, the motion to dismiss will be granted in part and denied in part. The motion will be granted to the extent that Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital will be dismissed for lack of jurisdiction; otherwise, the motion will be denied. The motion to enter final judgment will be granted in part and denied in part; the motion will be granted and the Court will direct entry of final judgment as to the Judgment rendered on September 5, 2007 to the extent it pertains to Dr. Bernauer, otherwise the motion is denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of June, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[8] Complaint, ¶ 13.

[9] *Id.*

[10] *Id.*

4